```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TARA LUISI,

                Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       21-CV-6252(JS)(SIL)

PORTFOLIO RECOVERY ASSOCIATES, LLC,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:        David M. Barshay, Esq.
                      Barshay, Rizzo, & Lopez, PLLC
                      445 Broadhollow Road, Suite CL18
                      Melville, New York  11747

For Defendant:        Philip A. Goldstein, Esq.
                      McGuire Woods LLP
                      1251 Avenue of Americas, 20th Floor
                      New York, New York  10020
```

SEYBERT, District Judge:

In this consumer action, Tara Luisi ("Plaintiff") brings claims against Portfolio Recovery Associates, LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA") and the New York General Business Law. (See generally Compl., ECF No. 1-1.) First, Plaintiff alleges Defendant, without Plaintiff's consent, utilized a third-party to prepare and mail written correspondence that conveyed "private and sensitive" information about Plaintiff, including Plaintiff's status as a debtor, the precise amount of the alleged debt, and the entity to which Plaintiff allegedly owed the debt, among other things. (Id. ¶¶ 65-69.) Further, Plaintiff alleges that Defendant's claim that

Plaintiff owes the at-issue debt is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged debt.  (Id. ¶¶ 97-110.)  Plaintiff alleges she "justifiably fears" that Defendant "will ultimately cause Plaintiff unwarranted economic harm . . . unwarranted harm to [her] credit rating . . . [and] to be sued for a debt Plaintiff does not owe" (Id. ¶¶ 73-76.)

For the reasons set forth in Ciccone v. Cavalry Portfolio Servs., LLC, No. 21-CV-2428, 2021 WL 5591725 (E.D.N.Y. Nov. 29, 2021), which is incorporated herein by reference, Plaintiff's allegations fail to adequately plead a concrete injury in fact. See also In re FDCPA Mailing Vendor Cases, No. 21-CV-2312, 2021 WL 3160794, at *1 (E.D.N.Y. July 23, 2021); Williams v. Credit Corp Solutions, Inc. d/b/a Tasman Credit, 21-CV-5729 (E.D.N.Y. Oct. 26, 2021) (text order) (remanding FDCPA action with identical allegations); Kola v. Forster & Garbus LLP, No. 19-CV-10496, 2021 WL 4135153, at *6-8 (S.D.N.Y. Sept. 10, 2021).  Nor do Plaintiff's allegations that Defendant's conduct places her at risk of future economic harm suffice to confer Article III standing.  TransUnion v. Ramirez, 141 S. Ct. 2190, 2210-11 (2021).  Thus, Plaintiff lacks standing, and this Court lacks jurisdiction.

Defendant argues that if Plaintiff lacks standing in federal court, she must lack standing in state court as well.  "It is not the province of this Court to decide the scope of New York's

2

law on standing." Luisi v. Portfolio Recovery Assocs. LLC, 21-CV-5725, slip op. (E.D.N.Y. Nov. 16, 2021); see also id., amended slip op. (E.D.N.Y. Jan. 10, 2022); TransUnion, 141 S. Ct. at 2224, n.9 (Thomas, J., dissenting).

## CONCLUSION

For the stated reasons, Plaintiff's motion to remand (ECF No. 7) is GRANTED, and this case is hereby remanded to the District Court of the County of Nassau, First District Court.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    January   21  , 2022
          Central Islip, New York